Robert W. Norman (SBN 025328)
bnorman@houser-law.com
Solomon S. Krotzer (SBN 027985)
skrotzer@houser-law.com
HOUSER LLP
4435 E. Chandler Blvd., Suite 200
Phoenix, Arizona 85048
Telephone: (949) 679-1111
Facsimile: (949) 679-1112

Attorneys for Defendant, Specialized Loan Servicing,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| ROSE A. KARAM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SPECIALIZED LOAN SERVICING, LLC<br><br>　　　　　Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>[Removal from Superior Court of Arizona, County of Pima, Case No. C20215788] |

PLEASE TAKE NOTICE that Defendant Specialized Loan Servicing, LLC ("SLS") hereby removes this action from Superior Court of Arizona in Pima County, Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

**I.　Statutory and Procedural Requirements**

1. On December 9, 2021 Plaintiff Rose A. Karam ("Plaintiff") filed a complaint in the Superior Court of Arizona in Pima County (Case No. C2021-5788) against Defendant (the "Complaint").

2. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3. Removal of this action is authorized by 28 U.S.C. § 1441.

/ / /

4. This Notice of Removal is, upon information and belief, timely filed as it is filed within thirty (30) days after Defendant received service of a copy of the Summons and Complaint upon which removal is based. *See* 28 U.S.C. § 1446(b).

5. After the filing of this Notice of Removal, Defendants will promptly give written notice of this removal with the Clerk of the State Court in which the action is currently pending and to all adverse parties pursuant to 20 U.S.C. § 1446(d).

6. Pursuant to LR 3.6, legible copies of all records and proceedings from the state court action that Defendants are aware of are attached as **Exhibit A**.

7. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

**II.  Diversity Jurisdiction**

8. SLS removes this case pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 based on diversity of citizenship of the Parties.

9. Plaintiff is a resident of Arizona based on her own admission in the Complaint.

10. SLS is a limited liability company which is formed in Delaware and has its principal office in Greenwood Village, Colorado. The citizenship of a limited liability company for diversity jurisdiction is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The sole member of SLS is Specialized Loan Servicing Holdings LLC, who is formed under the laws of the state of Delaware and whose principal place of business is in Colorado. The sole member of Specialized Loan Servicing Holdings LLC is Computershare Mortgage Services LLC d/b/a Computershare Loan Services, who is formed under the laws of the state of Delaware. The sole member of Computershare Mortgage

       Services LLC d/b/a Computershare Loan Services LLC is Computershare US Investments LLC, who is formed under the laws of the state of Delaware. The sole member of Computershare US Investments LLC is Computershare Holdings, Inc., who is formed under the laws of the state of Delaware and whose principal place of business is in Illinois. The citizenship of a corporation for diversity jurisdiction is where its "nerve center" is located. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Accordingly, SLS and its parent companies are citizens of Delaware, Colorado, and Illinois for purposes of diversity.

11. $75,000.00 is the threshold amount associated with diversity jurisdiction. 28 U.S.C. § 1332(a).

12. The amount in controversy is determined from the allegations or prayer for relief. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Here, the Complaint seeks punitive damages, compensatory damages and damages based on emotional distress. In addition, Plaintiff seeks to enjoin the sale of the subject property, prevent SLS from exercising relief permitted by the loan documents, amongst other relief. As Plaintiff seeks relief of the subject property and loan, the amount in controversy may be determined by the value of the object of the litigation, i.e., the loan amount, or the potential lost equity. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1997); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004 (N.D. Cal., 2002); *Munger v. Moore*, 11 Cal.App.3d 1 (1970). Given the monetary damages sought in the complaint, including emotional damages, compensatory damages and request for injunctive and declaratory relief, Plaintiff hereby alleges upon information and belief that the amount in controversy is greater than $75,000.

/ / /

/ / /

### III. Venue

13. Pursuant to 28 U.S.C. § 1441(a) the United States District Court for the District of Arizona is the proper venue for removal because it is the judicial district and division in which the State Court Action is pending.

### IV. Status of Co-Defendants

V. SLS is the sole defendant.

WHEREFORE, Defendant prays that the above action be removed to this Court.

Respectfully submitted by:
**HOUSER LLP**

*/s/ Solomon S. Krotzer*
Robert W. Norman, Jr.
Solomon S. Krotzer
Attorney for Defendant, Specialized Loan Servicing, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, a true copy of the foregoing was filed with the Court's electronic filing system and served e-mail and via U.S. First Class Mail to the following:

> Rose A. Karam
> 3501 N. Camino Esplanade
> Tucson, AZ 85750
> rosekaram@protonmail.com

*/s/ Solomon S. Krotzer*
Solomon S. Krotzer