Person Filing: _Rose A. Karam_
Address (if not protected): _3501 N. Camino Esplanade_
City, State, Zip Code: _Tucson, Arizona 85750_
Telephone: _520-685-0540_
Email Address: _roseKaram@protonmail.com_
Lawyer's Bar Number: _N/A_
Licensed Fiduciary Number: _N/A_

COPY

DEC 09 2021

GARY L. HARRISON
CLERK SUPERIOR COURT
For Clerk's Use Only

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☒ Plaintiff  OR  ☐ Defendant

## SUPERIOR COURT OF ARIZONA
## IN _PIMA_ COUNTY

In the matter of:

Case Number: **C20215788**

_Rose A. Karam_

Name of Plaintiff

_Specialized Loan Servicing, LLC_
Name of Defendant

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

FROM THE STATE OF ARIZONA TO: _Specialized Loan Servicing, LLC_
Name of Defendant

1.  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the Complaint is attached to this Notice. The Complaint has been filed in the Superior Court of the State of Arizona in and for the County of _Pima_ and has been assigned case number _____.

2.  This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the Waiver within thirty (30) days (or sixty (60) days if located in a foreign country) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 2

CVC28f - 100317

EXHIBIT A
PAGE 1 OF 15

Case No. _____

3. If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the Court and no summons will be served on you. The action will the proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the Complaint within sixty (60) days from the date designated below as the date on which this notice is sent (or within ninety (90) days from that date if your address is not in any judicial district of the United States).

4. If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Arizona Rules of Civil Procedure and then, to the extent authorized by those Rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary cost of service of summons, which is set forth at the end of the enclosed "Waiver of Service of Summons" form.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on the date indicated below.

NOTICE AND REQUEST SENT this _9th_ day of _December_ 20_21_.

_Rose A. Karam_
Signature of Plaintiff or Plaintiff's Attorney

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED          Page 2 of 2

Person Filing: *Rose A. Karam*
Address (if not protected): *3501 N. Camino Esplanade*
City, State, Zip Code: *Tucson, Arizona  85750*
Telephone: *520-685-0540*
Email Address: *rosekaram@protonmail.com*
Lawyer's Bar Number: *N/A*
Licensed Fiduciary Number: *N/A*

Representing  ☒ Self, without a Lawyer  or  ☐ Attorney for  ☒ Plaintiff   OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
## IN  *PIMA*   COUNTY

*Rose A. Karam*
Name of Plaintiff

Case No.  *C20215788*

*Specialized Loan Servicing, LLC*
Name of Defendant

**WAIVER OF SERVICE**
A.R.C.P. Rule 4 (f)

TO: _____
(Name of Plaintiff or Plaintiff's Attorney)

**ACKNOWLEDGMENT OF WAIVER OF SERVICE.** I acknowledge receipt of your request that I waive service of a summons in regards to the above referenced action.

I also have received a copy of the **Complaint** and **Certificate of Compulsory Arbitration** in the action, **two** copies of this **Waiver of Service**, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

**DEFAULT JUDGMENT.** I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after this waiver was sent, which was _12 / 9 / 2021_ (date sent), or within ninety (90) days after that date if the request was sent outside the United States.

**I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.**

_____
Signature of Defendant

_____
Date

_____
Printed Name of Defendant

---

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary cost of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States, to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought into an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on this waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CVC27f- 100317

COPY

DEC 0 9 2021

GARY L. HARRISON
CLERK, SUPERIOR COURT

1 | Rose A. Karam
2 | 3501 N. Camino Esplanade
  | Tucson, AZ 85750
3 | (520) 685-0540
  | rosekaram@protonmail.com
4 | Plaintiff Pro Per

5

6 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7 | IN AND FOR THE COUNTY OF PIMA

8 |                                          Case No.   **C20215788**

9 | Rose A. Karam,

10 |      Plaintiff,                          CIVIL COMPLAINT – MORTGAGE
                                             FRAUD, BREACH OF FIDUCIARY
11 | v.                                                    DUTY

12 | Specialized Loan Servicing, LLC,

13 |      Defendant.

14

15

16 | Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

17 | **JURISDICTION and VENUE**

18 |     1. The Superior Court in Pima County has the legal authority to hear and decide this

19 |        case because:

20 |        a.  The value of this case exceeds $10,000.

21 |

22 |        b.  Replevin or other nonmonetary remedy will take place in Pima County.

23 |        c.  The Plaintiff resides and does business in Pima County.

24 |        d.  The events, actions, or debts subject of this Complaint occurred in Pima

25 |            County.

26

e.  The Defendant does business in Pima County.

## DISCOVERY TIER

2.  Pursuant to Arizona Rules of Civil Procedure, Rule 26.2(c)(3), the Court should assign my case to the following tier based on the amount of damages I request.

[X] Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages OR Actions claiming nonmonetary relief.

## PARTIES

3.  The Plaintiff in this case is: Rose A. Karam.

4.  The Defendant in this case is: Specialized Loan Servicing, LLC.

## STATEMENT OF FACTS AND BREACH

5.  Plaintiff Rose A. Karam has resided/owned the property at 3501 N. Camino Esplanade, Tucson, Arizona 85750 since August 2005.

6.  Her primary mortgage was carried by Freddie Mac through Wells Fargo Bank, N.A. until August 07, 2021 when it was sold to Specialized Loan Servicing, LLC.

7.  Since August 07, 2021, Plaintiff's primary mortgage has been carried by Freddie Mac through Specialized Loan Servicing, LLC.

8.  Plaintiff was started on the Coronavirus Aid, Relief, and Economic Security (CARES) Act mortgage forbearance in March 2020 for her primary and home equity loans/mortgages. This forbearance continued through March 2021 for a total of twelve (12) months for both loans.

9.  Starting September 01, 2021, Specialized Loan Servicing, LLC extended the

2

CARES Act/American Rescue Plan Act of 2021 loan forbearance for three (3) additional months on Plaintiff's primary mortgage leaving the Plaintiff with three (3) months of COVID-!9 forbearance outstanding.

10. On October 28, 2021, Plaintiff received a text message about extending the COVID-19 forbearance three (3) additional months. Plaintiff requested this extension via text. However, there was a problem with her last entry, and Plaintiff received a text message stating, "An agent will call you to discuss your forbearance further. (Exhibit A)

11. Nobody from Specialized Loan Servicing called Plaintiff pertaining to the text messages.

12. On or about November 14, 2021, Plaintiff had not heard from Specialized Loan Servicing, LLC. Thus, she called them at 1-800-306-6059 to apply to extend her forbearance the final three (3) months and to request to speak to a supervisor. She was told a supervisor would call her within 72 business hours. A supervisor never called.

13. On November 18, 2021 at 3:27 PM, Plaintiff called Defendant at 1-800-306-6059 to follow-up on her application and to speak with a supervisor as one had never called. She spoke with Theresa (Teller ID# 24712) who told Plaintiff her application for forbearance had been denied as the maximum limit has been reached. Plaintiff explained to Theresa that Plaintiff still had three (3) months of outstanding forbearance left. She requested the application be resubmitted and that

3

a supervisor call her back. Theresa agreed to do both. A supervisor never called.

14. On December 06, 2021, Plaintiff called Defendant at 1-800-306-6059. The application for forbearance had not been resubmitted, and the representative refused to resubmit it. She insisted Plaintiff had called on December 1, 2021 (she did not) requesting mortgage assistance. The representative only agreed to mail out a mortgage assistance application. Plaintiff insisted the representative have a supervisor call her back. The representative said it could take up to 72 business hours.

15. As the servicer of this loan, Specialized Loan Servicing, LLC owes Plaintiff a fiduciary duty to supply all options including the three (3) months of additional forbearance available to her. They refused to provide said forbearance.

APPLICABLE LAW SUPPORTING CLAIMS

16. Fraud has nine elements: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it should be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury. Carrel v. Lux, 101 Ariz. 430, 434, 420 P.2d 564, 568 (1966).

17. To establish a breach of fiduciary duty claim, the plaintiff must prove: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached the fiduciary duty; (3) the defendant's breach was a cause of the plaintiff's damages;

4

1    and (4) the plaintiff's damages. See RAJI (Civil) 4th Commercial Torts 1A-1D and

2    authorities cited therein.

3

4    18.  The Coronavirus Aid, Relief, and Economic Security (CARES) Act provided up to

5         twelve (12) months of mortgage forbearance in three month increments.

6    19.  The American Rescue Plan Act of 2021 which was initiated in March 2021

7         extended the CARES Act forbearance by an additional six months in three month

8         increments.

9

10   20. On March  25, 2021,  per the Consumer Financial Protection Bureau (CFPB),

11         a.  "If your loan is backed by Fannie Mae or Freddie Mac, there is not currently

12             a deadline for requesting initial forbearance."

13         b.  "If your mortgage is backed by Fannie Mae or Freddie Mac: You may

14             request up to two additional three-month extensions, for a maximum of 18

15             months of total forbearance. But to be eligible, you must have been in an

16

17             active forbearance plan as February 28, 2021."

18   21. On June 24, 2021, an announcement from the Biden-Harris Administration says

19         that homeowners with Fannie Mae or Freddie Mac-backed mortgages who have

20         COVID-related hardships remain eligible for COVID-related forbearances.

21

22   22.  Homeowners with Fannie/Freddie loans must have been signed up for forbearance

23         by February 28, 2021, in order to qualify for the extended forbearance. See Fannie

24         Mae issued Lender Letters LL-2021-07 and LL-2021-02, and Freddie Mac issued

25         Bulletin 2021-8, containing updated servicing and loss mitigation guidance.

26

5

**INJURIES**

23. The loss of the final three months of government sanctioned forbearance on Plaintiff's primary home loan. Mental anguish over not being provided appropriate government sanctioned assistance during a very trying time.

24. Late charges and bad credit secondary to being denied government sanctioned forbearance.

**DEMAND FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against defendant(s), and each of them (if applicable) for the following dollars, interest, costs, and expenses incurred herein, or non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

1. Injunctive relief in the form of the final three months of COVID-19 forbearance applied to Plaintiff's primary home loan.

2. An injunction on any default or foreclosure proceedings the Defendant may have initiated.

3. Punitive damages for fraud by a merchant in the amount of $55,000 for the egregious nature of the mortgage fraud as well as the effort to conceal said fraud.

4. Costs for litigation as well as interest allowed by law.

5. Any other and further relief as this court may deem just and proper.

6. Demand Trial by Jury.

Dated this 9th day of December, 2021.

RESPECTFULLY SUBMITTED BY: /s/Rose A. Karam

ROSE A. KARAM

*Rose A. Karam*

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT A

7



3:38

+18335961159

Add to contacts       Block number

Thursday, October 28, 2021

Hello ROSE, this is SLS, your mortgage loan servicer. We are contacting you about your forbearance plan.

Your forbearance plan will end on November 1st, 2021. Reply 1 if your COVID-19 hardship is resolved or reply 2 to extend forbearance. Reply STOP to opt-out of messaging.

9:08 AM

11:14 AM    2

Please affirm the reason for your hardship:
1-Loss of employment





PERSON/ATTORNEY FILING: Rose A Karam
MAILING ADDRESS: 3501 N. Camino Esplanade
CITY, STATE, ZIP CODE: Tucson, AZ 85750
PHONE NUMBER: (520)685-0540
E-MAIL ADDRESS: rosekaram@protonmail.com
[ ☒ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER:



COPY

DEC 0 9 2021

GARY L. HARRISON
CLERK, SUPERIOR COURT

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Rose A Karam, et al.
Plaintiff(s),

V.

Specialized Loan Servicing, LLC
Defendant(s).

CASE NO: **C20215700**

RULE 102a FASTAR CERTIFICATE

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b

and certifies that this case:

(NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL
NOT ACCEPT THIS FORM.)

☐ DOES meet the eligibility criteria established by Rule 101b; or

☒ DOES NOT meet the eligibility criteria established by Rule 101b.

Dated: 12/9/2021

*Rose A. Karam*
SIGNATURE

AZturboCourt.gov Form Set #0380079