**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rose Ann Karam, | No. CV-22-00029-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Specialized Loan Servicing LLC, | |
| Defendant. | |

Before the Court is Plaintiff Rose Ann Karam's Second Motion for Temporary Restraining Order ("TRO") (Doc. 31) and Motion for Status Update (Doc. 32) as well as Defendant Specialized Loan Servicing LLC's Motion to Dismiss First Amended Complaint (Doc. 34). The Court grants the Motion for Status Update insofar as this Order informs Plaintiff of the status of the TRO. For the reasons stated herein, the Court will deny the TRO and grant the motion to dismiss.

**I.  Preliminary Injunction Standard of Review**

Granting a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). The substantive standards governing a temporary restraining order ("TRO") and a preliminary injunction are identical. *Synopsys, Inc. v. AzurEngine Techs.*, *Inc.*, 401 F. Supp. 3d 1068, 1072 (S.D. Cal. 2019); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). The Ninth

Circuit evaluates in two different manners when deciding whether to grant a preliminary injunction.

First, a plaintiff can attempt to satisfy the four-part test adopted by the Supreme Court in *Winter v. Natural Resources Defense Council, Incorporated*, 555 U.S. 7 (2008). Under the *Winter* test, a plaintiff must show (1) that she is "likely to succeed on the merits," (2) that she will "suffer irreparable harm in the absence of preliminary relief"; (3) that the "balance of equities" is in her favor, and (4) that it is in the public's interest to grant injunctive relief. *Id.* at 20.

If a plaintiff cannot meet the *Winter* test, she may attempt to satisfy the requirements outlined in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under *Cottrell*, when the balance of hardships tips sharply in her favor, a plaintiff need only show there are "serious questions going to the merits" and demonstrate both that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. This "sliding scale approach" allows a plaintiff to make a lesser showing of likelihood of success provided she will suffer substantial harm in the absence of relief. *Id.* at 1133.

The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Id.* Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

Foreclosure on real property can cause irreparable injury to a party. *Field v. Genova Capital Inc.*, No. 2:20-cv-09563-ODW-(JCx), 2020 WL 6161450, at *3 (C.D. Cal. Oct. 21, 2020) ("Under certain circumstances, foreclosure may constitute irreparable harm."); *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988).

**II.    Plaintiff's Second Motion for TRO**

Plaintiff asks the Court to issue a TRO preventing the foreclosure on her home. (Doc. 31 at 1.) Plaintiff restates the facts of the prior TRO and claims the Court should

order the TRO because she believes her amended complaint will survive a motion to dismiss, she will suffer irreparable harm if she loses her home, and it is in the public's interest to stop unnecessary foreclosure. (*Id.* at 2.) Plaintiff further contends that the three months' forbearance at issue in this matter "would have made a significant difference as Plaintiff has Supplemental Security Income and Social Security Disability Insurance benefits about to be finalized with back-pay pending." (*Id.*) It appears that Plaintiff is saying that once she receives her Social Security benefits, she will be able to pay her debt and thereby avoid foreclosure.

Defendant responds that the Court should deny the TRO because Plaintiff's First Amended Complaint is not likely to succeed on the merits. (Doc. 33.) Defendant also contends that regardless of whether the Court grants three months' forbearance, it cannot prevent foreclosure because Plaintiff would still need "to bring the loan current or risk foreclosure." (*Id.* at 2.) Finally, Defendant argues Plaintiff need only pay what is due to avoid irreparable harm. (*Id.*)

### III. Discussion

The Court does not find that a TRO is appropriate. Plaintiff's breach of fiduciary duty claim was dismissed with prejudice, therefore, this claim is not likely to succeed on the merits and does not weigh in favor of granting a TRO. And, as explained below, Plaintiff's fraud claim is subject to dismissal. Furthermore, even assuming Plaintiff has shown there are serious questions going to the merits, Plaintiff has not shown that there is a likelihood of irreparable injury or that the injunction is in the public interest.

Plaintiff received 12 months of forbearance from March 2020 to March 2021. (Doc. 1-3 at ¶ 8.) She then received three additional months' forbearance from September 2021 through November 2021. (*Id.* at ¶ 9.)  However, Plaintiff's loan has been in default since September 2019. Assuming Plaintiff has made no payments (which Plaintiff has not contested), Plaintiff would still be more than 18 months behind on payments even if she were successful in this case and were granted the additional three months' forbearance. Thus, relief in this case would not halt foreclosure on her home because she would still be delinquent on her payments. Therefore, the Court will not grant a TRO because the

foreclosure proceedings cannot be affected by the outcome of this case. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotation marks and citations omitted). This also negates Plaintiff's contention that she will suffer irreparable harm absent relief because, even if her claims are successful, the Defendant may foreclose on Plaintiff's home.

Next, the Court will not consider whether to grant the TRO based on Plaintiff's assertion that she may collect Social Security benefits in the future. To do so is illogical; it would allow a plaintiff to stop foreclosure proceedings simply by alleging she will be able to make payments sometime in the future. Furthermore, Plaintiff provided no evidence of her social security proceedings, nor did she demonstrate a likelihood that she will recover social security benefits.

Finally, the Court cannot find that granting the TRO is in the public interest because (1) it encourages a court to halt foreclosure when a defendant has a right to foreclose regardless of the outcome of the case, and (2) it would shield debtors from the agreed-upon repercussions of a failure to repay debt. Accordingly, the Court will deny Plaintiff's TRO.

**IV.     Motion to Dismiss Standard of Review**

A motion under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But the complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal*, 556 U.S. at 679. Thus, although a plaintiff's factual allegations may be consistent with a federal cause of action, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

Complaints drafted by pro se litigants are held to less stringent standards than complaints formally filed by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But, to avoid dismissal, even a pro se plaintiff must provide a legal theory that is cognizable and allege sufficient facts to support the cognizable legal theory. See *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal with prejudice is appropriate if the complaint's deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). In addition, the Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

**V.     Discussion**

Defendant's Motion to Dismiss argues Plaintiff's amended complaint has not remedied the faults that led to dismissal of the original, and she has not pled her fraud claim with particularity. (Doc. 34 at 1.) Defendant argues that Plaintiff's amended complaint simply attaches the same text conversation that the Court found did not constitute a misrepresentation, and so Plaintiff cannot show that the communications represented fraud. (*Id.* at 2.) Moreover, Plaintiff's alleged phone conversations related to the process of applying for forbearance, not any statements that Plaintiff was entitled to it, Defendant adds. (*Id.*) Finally, Defendant contends that Plaintiff does not have standing to bring her claim—she cannot show injury because she has not made payments since the alleged violation, thus she is still subject to foreclosure. (*Id.* at 4.)

Plaintiff responds that the fraudulent representation occurred when Defendant "denied Plaintiff was eligible for three (3) additional months of mortgage forbearance despite the Freddie Mac guidelines and multiple communications to the contrary." (Doc. 38 at 8.) Plaintiff argues that she has standing because she has suffered injury in the form of "the loss of three (3) months of outstanding government sanctioned forbearance, late charges and bad credit secondary to being denied government sanctioned forbearance, due

to her entitlement to "injunctive relief in the form of ensuring the three (3) additional months of government sanctioned forbearance . . . ." (*Id.* at 9.) Plaintiff contends that if she had received the forbearance, the foreclosure on her home would have been postponed three months. (*Id.*)

Fraud claims under Federal Rule of Civil Procedure 9(b) are subject to a heightened pleading standard. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). "To satisfy the particularity requirement, 'who, what, where, and how' must be identified, as well as 'what is false or misleading about the statement.'" *TM Techs. Inc. v. Hand Techs. Inc.*, No. CV-18-00286-TUC-DCB, 2019 WL 4643798, at *7 (D. Ariz. Sept. 24, 2019) (quoting *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018)). Fraud also requires proof of nine elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely on it; (9) the hearer's consequent and proximate injury." *Id.* (quoting *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033–34 (Ariz. App. 2010)).

First, as the Court explained previously:

> The Court cannot find that SLS's text "about extending the COVID-19 forbearance" constituted a misrepresentation. Plaintiff has not alleged that this general inquiry indicated she was qualified for or would receive an extended forbearance. Furthermore, it is clear Plaintiff did not rely upon an assured extension, as she states she was required to request the extension and knew after responding that there was a problem with her text request. (*See* Doc. 1-3 at ¶10.) This allegation does not meet the specificity required to satisfy Rule 9(b).

(Doc. 28 at 6.) There has been no change to Plaintiff's allegations about the text messages. The messages attached to her amended complaint do not alter the Court's analysis. She has simply not sufficiently pleaded that the text messages constituted a misrepresentation and therefore they did not constitute fraud.

Second, Plaintiff has not explained how, even with an additional three months'

- 6 -

forbearance, the plan term did not exceed 18 months of total delinquency, making her ineligible for an additional three months' forbearance. In the previous order dismissing this matter, the Court stated:

> Plaintiff does not dispute that the loan is due for the September 21, 2019 payment. By September 2021, she was delinquent on payments for more than eighteen months total. Therefore, under Freddie Mac's guidelines, Plaintiff did not qualify for a forbearance plan. So, it was not a misrepresentation to inform Plaintiff her extension was denied because "the maximum limit had been reached." Regardless of the cumulative forbearance, Plaintiff's delinquency exceeded eighteen months total and SLS's statement that she was being denied based on total delinquency was not a fraudulent statement.

(Doc. 28 at 7.) As Plaintiff explains, "'Forbearance' allows you to temporarily postpone or reduce your loan payments while interest accrues on your loan balance. . . . In this case the missed payments and interest are added to the back end of the loan." (Doc. 38 at 9–10.) This statement, however, does not show that forbearance would forgive her total delinquency or that Defendant was not permitted to deny the loan pursuant to FreddieMac guidelines, which allow Defendant "to grant an eligible Borrower a forbearance plan term extension of up to 3 months and thereafter one or more forbearance plan term extensions of no more than 3 months each, provided the plan term ***does not exceed 18 months of total delinquency*** or a cumulative term of 18 months, ***whichever is shorter***." (Doc 9-1 at 18 (emphasis added); *see also* Bulletin 2021-8 Temporary Servicing Guidance Related to COVID-19, Freddie Mac Recent Bulletins (Feb. 25, 2021) https://guide.freddiemac.com/app/guide/bulletin/2021-8 (last viewed April 11, 2022).) Therefore, Plaintiff has not pleaded that Defendant made a misrepresentation, and therefore she cannot establish her fraud claim. There is no indication that this fault may be remedied by amendment, and so the Court will dismiss this matter without leave to amend.

Because the Court finds Plaintiff has not stated a claim entitling her to relief, it does not address Defendant's standing argument.

Accordingly, IT IS ORDERED:

1) Plaintiff Rose Ann Karam's Motion for Status Update is GRANTED insofar as this

Order provides a status update. (Doc. 32).

2) Plaintiff's Second Motion for Temporary Restraining Order is DENIED. (Doc. 31.)

3) Defendant's Motion to Dismiss is GRANTED. (Doc. 34.)

4) This matter is DISMISSED WITH PREJUDICE. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 1st of July, 2022

_____
Honorable Raner C. Collins
Senior United States District Judge